UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Christopher Robert Meunier</u>

    v.                                      Civ. No. 24-cv-072-LM-AJ

<u>Elizabeth Leonard et al.</u>

**<u>REPORT AND RECOMMENDATION</u>**

    Pro se plaintiff Christopher Robert Meunier, proceeding in forma pauperis, has sued a New Hampshire state court judge and prosecutor, and a county police department, alleging that they have unconstitutionally failed to act upon his proposed resolution of pending criminal charges. Mr. Meunier's complaint (Doc. No. 1), is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

**<u>Preliminary Review Standard</u>**

    The magistrate judge conducts a preliminary review of pleadings, like Mr. Meunier's that are filed in forma pauperis. <u>See</u> LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review,

the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Factual Background[1]

Mr. Meunier's underlying state criminal case stems from a traffic stop on October 6, 2023, which resulted in his arrest on twelve counts -- four felonies, four misdemeanors and four "lesser charges." Compl., Exh. A (Doc. No. 1-1) at 2. He alleges that he was detained for 26 days without conviction" following his arrest. Id. He is currently under "conditional release." Compl. (Doc. No. 1) ¶¶ 2, 5.

On January 28, 2024, Mr. Meunier filed a "Combined Demurrer & Motion to Quash and Dismiss, Seeking Reduction to Misdemeanor and Entry of Plea" in his criminal case. Compl., Exh. A (Doc. No. 1-1). He describes this document as "propos[ing] a reasoned

---

[1] Mr. Meunier proposed resolution of his state court criminal case by filing a motion in state Superior Court, which he attached to his complaint in this matter. Compl., Exh. A (Doc. No. 1-1). The court considers the allegations in that filing in its analysis.

resolution to the charges predicted on established legal principles." Compl. (Doc. No. 1) ¶ 5.  He further asserts that his filing "was met with disregard, as the Defendants failed to respond or to correct the record . . ." Id.

Mr. Meunier claims that the defendants violated his First Amendment right to petition the government for redress and his Fourteenth Amendment right to due process by "neglecting and disregarding" his filing. Id. ¶¶ 7-8.  He seeks declaratory and injunctive relief finding that his rights have been violated and ordering the defendants consider his filing, "update records more accurately and ensure compliance with federal constitutional norms." Id. ¶ 10.

## Discussion

As Mr. Chandler's complaint implicates a state criminal proceeding, the Younger abstention doctrine comes into play. The Younger doctrine, as described in Younger v. Harris, 401 U.S. 37 (1971), "counsels federal-court abstention when there is a pending state proceeding." Amadi v. Dep't of Child. & Fams., 245 F. Supp. 3d 316, 320 (D. Mass. 2017) (quoting Moore v. Sims, 442 U.S. 415, 423 (1979)).  "The Younger doctrine reflects a 'longstanding public policy against federal court interference with state court proceedings,' and is based on two conceptual foundations." Mass. Delivery Ass'n v. Coakley, 671 F.3d 33, 40 (1st Cir. 2012) (quoting Younger, 401 U.S. at 43). "[I]t is

3

based on a notion that 'courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.'" Id. "[M]ore importantly, Younger rests upon basic notions of federalism and comity, and also on a related desire to prevent unnecessary duplication of legal proceedings." Id.

The First Circuit has identified a three-step analysis to determine whether Younger applies. Where all three of these steps are resolved in favor of abstention, "abstention is mandatory." Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 68 (1st Cir. 2005). First, the state proceeding must be a criminal prosecution, civil enforcement proceeding or a civil proceeding "uniquely in the furtherance of the state courts' ability to perform their judicial functions." Sirva Relocation, LLC v. Richie, 794 F.3d 185, 191 (1st Cir. 2015) Second, the case must meet the three Middlesex[2] factors: 1) the state proceeding is ongoing, 2) it involves significant state interests and 3) it permits the plaintiff to raise his federal claims. Id. at 193. If those factors support abstention, the court must then consider whether exceptions to Younger apply. Id. Exceptions to the Younger doctrine apply in situation

---

[2] See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982).

involving "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." Bettencourt v. Bd. of Registration in Med., 904 F.2d 772, 779 (1st Cir. 1990). "These exceptions have been very narrowly construed by the [Supreme] Court." United Books, Inc. v. Conte, 739 F.2d 30, 34 (1st Cir. 1984) (internal citations omitted); see also C. Wright, A. Miller, Federal Practice and Procedure § 4255 (3d ed.) ("There is no case since Younger was decided in which the [Supreme] Court has found that the exception for bad faith or harassment was applicable[,]" and "[l]itigants who have sought to bring themselves within the exceptions to Younger have had almost as little success in the lower courts.").

    Here, all Younger factors favor abstention, and Mr. Meunier's submissions do not persuade the court that he is the victim of bad faith or harassment, or that any other extraordinary circumstances exist such that abstention would be inappropriate. In sum, he filed a motion seeking a negotiated resolution in his pending state criminal case which has yet to be acted upon. This implicates important state interests associated with the state's administration of its criminal laws. Mr. Meunier also has the opportunity to advance his constitutional challenge and "advocate for [negotiated resolution] on the same grounds he would cite in this Court." Graham v. Maine, No. 20-cv-315-JDL, 2020 WL 6811492, at *1 (D.

5

Me. Oct. 5, 2020) (pre-trial detainee's habeas petition seeking release from pretrial confinement properly dismissed based on Younger abstention); see also Enwonwu v. Mass. Super. Court, No. 1:12-cv-10703-DJC, 2012 WL 1802056, at *3 n.7 (D. Mass. May 16, 2012) ("Courts have consistently applied the Younger doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances.").

## Conclusion

Based on the foregoing, the district judge should dismiss Mr. Meunier's complaint without prejudice pursuant to the Younger abstention doctrine. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's

Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 3, 2024

Cc: Christopher Robert Meunier, pro se

Case 1:24-cv-00072-LM-AJ   Document 3   Filed 04/03/24   Page 7 of 7